**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 19 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KATHLEEN M. WATSON, as an individual, and on behalf of all others similarly situated; BARTON M. WATSON, as an individual, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> UNITED AIRLINES, INC., a Delaware corporation, <br><br> Defendant-Appellee. | No. 17-15890 <br><br> D.C. No. 1:16-cv-00400-LEK-KJM <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Submitted January 16, 2018[**]

Before:    REINHARDT, TROTT, and HURWITZ, Circuit Judges.

Kathleen M. Watson and Barton M. Watson appeal from the district court's

judgment dismissing their action alleging federal and state law claims arising from

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

defendant's baggage policy. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion a denial of leave to amend a complaint. *See Serra v. Lappin*, 600 F.3d 1191, 1195 (9th Cir. 2010). We affirm.

The district court did not abuse its discretion in dismissing the Watson's complaint without leave to amend because the deficiencies of the complaint could not be cured by amendment. *See id.* at 1200 (leave to amend may be denied where amendment would be futile).

The district court did not abuse its discretion in not converting defendant's motion to dismiss into a motion for summary judgment because the district court did not rely on materials outside of the pleadings. *See Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1159-60 (9th Cir. 2012) (standard of review); *Keams v. Tempe Tech. Inst., Inc.*, 110 F.3d 44, 46 (9th Cir. 1997) (a motion to dismiss need not be converted into a motion for summary judgment when nothing in the record suggests reliance by the district court on materials that are outside of the pleadings).

We do not consider arguments and allegations raised for the first time on appeal, or matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n. 2 (9th Cir. 2009).

17-15890

We reject as unsupported by the record the Watson's contentions that the district court applied the incorrect law regarding their breach of contract claim and ignored claims related to the third class action members.

**AFFIRMED.**